**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.    **ED CV 26-1494-JFW(ASx)**                    Date:  March 31, 2026

Title:        Zhongxiao Huang -v- Warden of Desert View Annex Detention Facility, et al.

**PRESENT:**
   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly**                         **None Present**
   **Courtroom Deputy**                       **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
           None                                         None

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE [filed 3/27/2026; Docket No. 3];**

      On March 27, 2026, Petitioner Zhongxiao Huang ("Petitioner") filed an Application for Temporary Restraining Order ("Application"), seeking a temporary restraining order, without notice to Respondents, directing Respondents to: (1) immediately release Petitioner from custody under the same conditions previously in place, without imposing any more restrictive conditions of supervision; (2) return Petitioner's personal belongings, including his passport and driver's license; and (3) upon release, refrain from imposing conditions of supervision more restrictive than those previously in place, absent a hearing consistent with due process; (4) refrain from transferring, re-arresting, or re-detaining Petitioner absent lawful process, including a pre-deprivation hearing before a neutral decisionmaker at which the government establishes by clear and convincing evidence that detention is appropriate to prevent flight or protect the public; and (5) if Respondents choose to conduct such a hearing, provide Petitioner with reasonable advance notice of the time and place of the hearing.

      The standard for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 is the same.  *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (citation omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis).  Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

      Under *Winter*, a plaintiff seeking a TRO must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest

favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.,* 758 F.3d 1069, 1071 (9th Cir. 2014) (*citing Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard" (*Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021)), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a TRO may be warranted where there are "'serious questions going to the merits' and a hardship balance . . . tips sharply toward the plaintiff," and so long as the other *Winter* factors are also met. *Id.* at 1132.

Pursuant to Local Rule 7-19.1, a plaintiff must "advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application," but a plaintiff need not comply with Local Rule 7-19.1 if he can meet the requirements for a TRO without notice pursuant to Federal Rule of Civil Procedure 65(b)(1). *See* Local Rules 7-19.1 and 7-19.2. Federal Rule of Civil Procedure 65(b)(1) provides, in relevant part:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

In this case, Petitioner's counsel fails to set forth any efforts to give notice to Respondents of this Application, and the Court concludes Petitioner has failed to demonstrate that the Court should issue a temporary restraining order without *any* notice to Respondents. *See Reno Air Racing Ass'n, Inc. v. McCord,* 452 F.3d 1126, 1131 (9th Cir. 2006) ("[T]he Supreme Court explained that circumstances justifying the issuance of an ex parte [temporary restraining] order are extremely limited[.]"). Indeed, Petitioner's counsel merely declares, without specific evidentiary support, that providing notice to Respondents creates a risk that Respondents would transfer Petitioner to another detention facility outside the jurisdiction of this Court before the Court rules on the Application. Accordingly, because the Court concludes that notice is appropriate, Petitioner's Application is **DENIED without prejudice** to re-filing the Application in compliance with Local Rule 7-19.1, i.e., Petitioner's attorney shall advise the Court in writing and under oath of his efforts to contact Respondents and whether Respondents oppose the Application.

IT IS SO ORDERED.

Initials of Deputy Clerk __sr__